```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

ERIC KELLEY,                    )
                                )
          Plaintiff,            )
                                )
     v.                         )    C.A. No. 04-11339-WGY
                                )
BETH ISRAEL HOSPITAL,           )
                                )
          Defendant.            )
```

MEMORANDUM

For the reasons stated below, the Court determines that the complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2).

BACKGROUND

On June 10, 2004, plaintiff Eric Kelley, a prisoner now confined to the Billerica House of Correction, his self-prepared medical malpractice complaint seeking monetary damages. Plaintiff alleges that in October 2002 he was shot in the eye and was treated at the defendant hospital. Plaintiff complains that the bullet was not removed from his face and was told such removal would "cause nasal complication." He further complains that he was discharged from the hospital with a recommendation that he receive further treatment for removal of the bullet. Plaintiff alleges that bullet has moved and has caused nerve damage. Plaintiff alleges that the defendant was deliberately indifferent to plaintiff's medical needs and provided

inadequate treatment because of plaintiff's poverty and the fact that he is African American. Plaintiff seeks compensatory relief in the amount of two million dollars.

## REVIEW

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"). Pub.L. No. 104-134, 110 Stat. 1321 (1996). Among the changes effected by the PLRA is the requirement that a district court dismiss a complaint filed by a prisoner in forma pauperis "at any time," if the court determines that it lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability or fails to state a claim. 28 U.S.C. § 1915(e)(2)(b).

## DISCUSSION

I.  Rule 11

Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading . . . if the party is not represented by an attorney, shall be signed by the party." See Fed. R. Civ. P. Rule 11(a); see also District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of the Federal Rules of Civil Procedure pertaining to the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court.").

Plaintiff failed to provide the Court with an original

complaint containing his signature. Rather, he has filed a copy of his original complaint which does not contain an original signature. Ordinarily, the Court would direct the plaintiff to file with the Court a copy of the complaint containing plaintiff's original signature. However, because the complaint is subject to dismissal for the reasons stated below, the Court will not ask plaintiff to sign the last page of his complaint at this time.

    II. <u>Plaintiff's Claim of Inadequate Medical Care</u>

    Plaintiff's <u>pro se</u> complaint is entitled to a liberal construction. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972); <u>accord</u> <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997). Here, it appears plaintiff may be seeking to assert a civil rights claim pursuant to 42 U.S.C. § 1983.

    In order to state a Section 1983 claim a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. <u>Rumford Pharmacy, Inc. v. City of East Providence</u>, 970 F.2d 996, 998 (1st Cir. 1992). Here, plaintiff names only Beth Israel Hospital as a defendant. As an initial matter, the Court notes, without deciding, that it is unclear whether the

defendant is a state actor for purposes of Section 1983.  See West v. Atkins, 487 U.S. 42, 53 n. 10 (1988) (private physician hired by state to provide medical care to prisoners was state actor because doctor was hired to fulfill state's constitutional obligation to attend to necessary medical care of prison inmates); see also Gonzalez-Morales v. Hernandez-Arencibia, 221 F.3d 45, 49 (1st Cir. 2000) (stating that Section 1983 does not provide relief against most private individuals because of the requirement that a deprivation be caused by a person acting under "color of state law").

However, even if the defendant is deemed to be a state actor, plaintiff's claim that the defendant failed to provide adequate medical treatment is insufficient to state a Section 1983 claim based on the Cruel and Unusual Punishment Clause of the Eighth Amendment. A claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that defendant was deliberately indifferent to a plaintiff's serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, negligence, even if it amounts to medical malpractice, does not constitute a constitutional violation.  Estelle, 429 U.S. at 107.

The allegations in the complaint concern plaintiff's disagreement with the hospital's decision not to remove the bullet from plaintiff's face during his treatment at the

4

hospital.  There are no allegations that the Hospital was deliberately indifferent to plaintiff's medical needs or showed a wanton disregard for those needs. In fact, the allegations show that the Hospital treated plaintiff for an emergency condition and declined to remove the bullet because of the risk of certain complications.  These are hardly allegations of deliberate indifference.

   To the extent plaintiff seeks to bring a medical malpractice claim against the defendant Hospital, plaintiff is foreclosed from raising the claim in federal court since a medical malpractice claim, which is a type of negligence, is a state court tort claim.  <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986) (mere negligence on the part of state officials is not actionable under § 1983).  In the absence of any federal basis for plaintiff's suit, the court declines to exercise supplemental jurisdiction over the state medical malpractice claim, if it is actionable at all.  <u>See</u> 28 U.S.C. § 1367(C)(3).

<u>CONCLUSION</u>

   Because the Court finds no arguable legal basis for plaintiff's claims against the defendant, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2) without further notice after forty-two (42) days from the date of the accompanying Order, unless before that time plaintiff shows

good cause, in writing, that the complaint should not be dismissed for the reasons stated above.

Dated at Boston, Massachusetts, this <u>6th</u> day of <u>July</u>, 2004

<pre>
                           /s/ William G. Young
                           WILLIAM G. YOUNG
                           UNITED STATES DISTRICT JUDGE
</pre>